IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MICHAEL SPRADLING, as Personal Representative
of the Estate of WILLIAM COLLIN SPRADLING,
deceased                                                                                                  PLAINTIFF

V.                                              4:15CV00238 JM

CLAY HASTINGS, MICHAEL FORD, FREDERICK
"STEVE" WOODALL and AARON SIMON,
Individually and in their Official Capacities, STUART
THOMAS, individually and in his official capacity,
THE CITY OF LITTLE ROCK, a municipality                                               DEFENDANTS

## ORDER

Pending are the Defendants' motion for summary judgment, docket #53, and Plaintiff's motions to strike, docket # 71 and 74 and to compel, docket #77. For the reasons set forth below, the Defendants' motion is GRANTED. Plaintiff's motions are DENIED.

Facts

On July 16, 2008, Defendants, Hastings, Ford, Woodall, and Simon, employed by the City of Little Rock as police officers, responded to 621 Gillette Road to investigate William Collin Spradling ("Collin") as a robbery suspect. During the investigation, Collin was shot and killed. On November 5, 2012, Plaintiff, Michael Spradling, as the personal representative of the estate of Collin, filed suit pursuant to 42 U.S.C. § 1983 alleging that the Defendants used excessive force resulting in Collin's wrongful death. Spradling v. Hastings, et al., 4:12CV693. Plaintiff voluntarily non-suited the case on April 24, 2014.

On April 23, 2015, Plaintiff re-filed this action. Defendants seek summary judgment in

part because Plaintiff filed his initial complaint outside of the applicable statute of limitations.[1] Plaintiff argues that the statute should be tolled based on the Defendants' fraudulent concealment.

## Summary Judgment Standard

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, [to] point out to the District Court, that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

---

[1] The Court previously denied Defendants' motion for summary judgment on this issue. (ECF # 14). As set forth herein, based on the record before it, the Court finds that Plaintiff's complaint is barred by the statute of limitations. The denial of summary judgment is an interlocutory order. *White Consol. Indus., Inc. v. McGill Mfg. Co.*, 165 F.3d 1185, 1189 (8th Cir.1999). And, interlocutory orders "can always be reconsidered and modified by a district court prior to entry of a final judgment." *First Union Nat. Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 620 (8th Cir. 2007).

*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988)) (citations omitted). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## Discussion

The applicable limitations period for § 1983 actions in Arkansas is three years. *See Miller v. Norris*, 247 F.3d 736 (8th Cir.2001) (applying three-year statute of limitations to § 1983 claim) and *Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir.1991) (holding that the applicable statute of limitations period for a § 1983 claim in Arkansas is three years). Collin was killed on July 16, 2008, accordingly, the three year statute of limitations ran on July 16, 2011. Plaintiff's initial suit was filed on November 5, 2012.

The pertinent legal principles are well established regarding the application of the statute of limitations. The limitations period commences upon occurrence of the wrongful act. *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004), *see also Quality Optical of Jonesboro, Inc. v. Trusty Optical, L.L.C.*, 225 S.W.3d 369, 372 (Ark. 2006) (noting the limitations period is triggered "when the injury occurs, not when it is discovered"). However, affirmative acts concealing the cause of action will bar the start of the statute of limitations until the time when the cause of action is discovered or should have been discovered by reasonable diligence. *O'Mara v. Dykema*, 328 Ark. 310, 942 S.W.2d 854 (1997) citing, *Wilson v. General Elec. Capital Auto Lease, Inc.*, 311 Ark. 84, 841 S.W.2d 619 (1992), see also, *Varner v. Peterson Farms*, 371 F.3d 1011 (8th Cir. 2004). "There must be some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or

perpetrated in a way that it conceals itself." *O'Mara,* at 317, 942 S.W.2d at 858, citing *Wilson* at 87, 841 S.W.2d at 620-21. "[N]o mere ignorance of the plaintiff of his rights nor the mere silence of one who is under an obligation to speak, will prevent the statutory bar." *Id.* Further, the "concealment of facts, no matter how fraudulent or otherwise wrongful, has no effect on the running of a statute of limitations if the plaintiffs could have discovered the fraud or sufficient other facts on which to bring their lawsuit, through a reasonable effort on their part". *Williams v. Hartje*, 827 F.2d 1203, 1206 (8th Cir. 1987). The plaintiff bears the burden of establishing the applicability of equitable tolling. *See, Graham v. Catamaran Health Solutions, LLC*, 2017 WL 3613328 (8th Cir. 2017).

On November 4, 2008, Christina Hatfield, Collin's girlfriend's mother, and witness to the shooting, sent a request to the Little Rock Police Department to obtain a copy of the case file related to the shooting. (ECF # 62, ex. 29). Ms. Hatfield received a 556 page case file as a result of her request. (ECF # 61, response 162). In late November 2008 or early 2009, Plaintiff received a copy of the 556 page case file along with a letter from Ms. Hatfield outlining the inconsistencies she believed existed in the file. (ECF # 61, response 163 and 164). Plaintiff argues that the statute of limitations did not begin running at that point because the file did not contain certain audio and video recordings which cast doubt on the Defendants' version of the events leading to Collin's death. However, the case file did contain references to both the dash cam video and to taped statements of witnesses. Further, the file contained transcripts of the taped statements. Additionally, in Ms. Hatfield's letter to the Plaintiff she told him that she believed Collin had been murdered and outlined inconsistencies she believed existed in the case file.

The Court finds that by early 2009 when Plaintiff obtained the case file and the letter of Ms. Hatfield, Plaintiff was placed on objective notice of the need to investigate the shooting. *See Varner v. Peterson Farms*, 371 F.3d 1011, 1017–18 (8th Cir. 2004) (applying Arkansas law and finding that the plaintiffs could not toll the limitations period based on fraudulent concealment where plaintiffs were suspicious much earlier, but merely lacked proof until a later date because they did not exercise due diligence.). Although the file did not contain the audio and video tapes, the file referred to both. Further, Ms. Hatfield specifically referred to inconsistencies she believed existed in the file and disclosed to the Plaintiff that she believed Collin had been murdered. Finally, Plaintiff admits in his affidavit dated July 13, 2017 that "after the shooting, Christina Hatfield told me her opinions that the shooting which she witnessed, was not justified. She told me that Collin did not do anything that would have justified the LRPD officers shooting him." Based upon this information, Plaintiff's cause of action was certainly not concealed. Further, Plaintiff could have obtained the audio and video files by simply requesting them. Accordingly, the statute of limitations on Plaintiff's cause of action commenced, at the latest in early 2009 and tolled in early 2012. Plaintiff did not file suit until November 2012, well beyond the expiration of the statute of limitations.

For these reasons, Defendants' Motion for summary judgment is GRANTED.[2]

---

[2] Plaintiff asks the Court to strike or disregard certain of defendants' statement of uncontested material facts, docket # 71. The motion is DENIED. Rule 56 "permits a party to object to evidence cited by the other party at the summary judgment stage and requires the Court to make a determination regarding whether the evidence could be presented at trial in an admissible form." *Wiley v. RockTenn CP, LLC*, 2013 WL 5567966, at *11 (E.D.Ark. Oct.9, 2013); See Fed.R.Civ.P. 56(c)(2). Plaintiff argues that each of the exhibits about which he complains should be stricken because they rely on inadmissible hearsay or contain no citation to the record. As to the exhibits relied upon by the Court, the information contained therein could be presented at trial in an admissible form: through the testimony of witnesses.

IT IS SO ORDERED this 23rd day of October, 2017.

                                                  _____
                                                  James M. Moody Jr.
                                                  United States District Judge

---

      Plaintiff's motion to strike Defendant's answer is DENIED. The Court has previously found that Defendants' answer complied with the pleading requirements of Fed. R. Civ. P. 8.

      Plaintiff's motion to compel the Defendants to respond to Plaintiff's statement of disputed material facts is DENIED. As set forth in the Court's Order dated July 20, 2017, "Plaintiff has confirmed with the Court that his "Statement of Undisputed Facts" are actually those disputed facts Plaintiff contends create a genuine issue for trial. Plaintiff has not moved for summary judgment." As such, no response was required.